### HERNDON v. HERNDON.

4-6469                                                      155 S. W. 569

Opinion delivered November 10, 1941.

*Fred A. Isgrig,* for appellant.

*Louis Tarlowski,* for appellee.

GREENHAW, J. This is an appeal by the former wife of the appellee from an order of the Pulaski chancery court entered on April 24, 1941, modifying its decree entered on November 24, 1931, by reducing the alimony of $60 per month awarded appellant in the first decree to $45 per month, on application of the appellee. This case was tried by the court upon the pleadings and the exhibits thereto, and the depositions of the appellant and appellee herein, together with the exhibits thereto attached.

It appears that the appellant and appellee lived together as husband and wife in Richmond, Virginia, where the appellant still resides. The appellee came to Arkansas, where he has since resided, and subsequently brought suit in the Pulaski chancery court against the appellant for a divorce, to which the appellant filed an answer and cross-complaint. The court on November 24, 1933, dismissed the complaint for want of equity and granted appellant a divorce upon her cross-complaint, awarded her the custody of their fifteen-year-old son, and adjudged and decreed that appellee should pay his wife the sum of $100 per month, beginning December 1, 1933, for a period of twenty-four months for the support and maintenance of herself and son, the sum of $75 being for her and $25 for the boy. At the expiration of the twenty-four month period the amount payable to her was to be reduced to $60 per month, the $25 monthly allowance for the child to remain in effect in the future. Immediately following the support and maintenance provision of the decree, copy of which was attached as an exhibit to the petition herein, appeared the following paragraph:

"The court doth find that this decree is by agreement and consent of the parties, and it is by the court approved in all respects and is hereby entered as a consent decree; that all property not disposed of at the commencement of this action which either party hereto obtained from or through the other during the marriage is hereby annulled, and in consideration or by reason thereof, be restored to them respectively."

The lower court found that the appellee herein was entitled to a modification of the decree by a reduction of the monthly payments of $60 to $45 per month, and entered an order to that effect, from which is this appeal.

The evidence shows that the appellant is 48 years of age and the appellee 47. Appellee at the time the first decree was entered in November, 1933, was earning approximatly $60 per week. He married again on January 1, 1934, about five weeks after the divorce was granted to his wife, the appellant herein. He is now earning approximately $100 per week, or about $40 more per week than he was earning at the time of the divorce decree in which he consented to the allowances therein made. He is employed by a local corporation, in which he has purchased stock and is paying for it out of his salary.

Appellee claimed that the husband of his sister was in bad health and this family needed his financial assistance, but the evidence showed that his niece who has a responsible position in a bank in Richmond is able to help her parents, and it was further shown that the appellee has a brother engaged in the newspaper business in Texas who is in a position to render financial assistance, if necessary, to the family of his sister.

Appellee further claimed that his step-mother in Virginia needed financial assistance from him, but it was shown that she is in the Christian Church Home at Jackson, Florida, and at present requires no financial assistance from the appellee.

The son of the appellant and appellee came to Arkansas because the appellee refused to provide for his education if he remained with his mother in Virginia, and since that time the son was in the custody of the appellee until he became 21 years of age, over a year ago. The son is now married, and appellee sometimes helps his son and daughter-in-law financially.

Appellee further testified that he had purchased a home for which he is now paying.

After the divorce, the appellant, in order to qualify herself as a teacher, spent more than $1,500 going to school in order to prepare herself for this profession.

She attended school for two years, including summer sessions, and finally obtained a position as a substitute teacher in Richmond, Va. She has been regularly employed since 1939, earning about $1,200 a year. About 1939, appellant was forced to undergo a serious major operation. She has been in poor health since that time, and is still under the care and treatment of a physician, the expenses incident to her illness and operations amounting to more than $700. Appellant owns no property and has no income other than her salary as a teacher and the monthly payments which she received from the appellee.

Appellant further testified that her necessary monthly expenses amount to the sum of $127.50. These expenses were itemized in her deposition, and they appear to us to be reasonable. With her salary of $100 per month and the $45 per month allowed her in the modified decree she would have left, after paying her necessary monthly expenses, only the sum of $17.50.

We have carefully considered all of the evidence in this case, and cannot agree with the lower court that the monthly award of $60 given appellant in the original decree should be reduced. While the desire of appellee to assist his family is praise-worthy, appellee is under no legal obligation to contribute anything to the support of his step-mother, the family of his brother-in-law, nor to his son and his wife; nor was it shown that his contributions to them are such as to entail any periodic and fixed payments by him, but rather that the assistance rendered them by him is only spasmodic and irregular. Appellee admits that he is paying for stock in the corporation by which he is employed from month to month, thereby accumulating an investment for himself which will be of no benefit to the appellant. He is paying for a home which will inure to his own benefit, but not to the benefit of the appellant. These are no doubt worthwhile investments, but they do not relieve the appellee of the obligations to his former wife provided in the original decree of divorce.

This is not a case where the income of the former husband has been materially reduced to such an extent

as to justify a modification or reduction of former allowances. On the other hand, the appellee in this case is now drawing, according to his own testimony, approximately 66 2/3 per cent. more salary than he was drawing at the time of the original decree. Under the modified decree the allowance to the appellant has been reduced 25 per cent. It was also in evidence that the appellee, his brother and sister are the owners of real estate in Richmond, and that they will come into possession thereof upon the death of the step-mother.

The appellee has no children by his second wife for whose support he would be morally and legally bound. He voluntarily entered into another marriage soon after the divorce, and any obligations on the part of the appellee to provide for his second wife, under the circumstances in this case, should not jeopardize the rights of his former wife, the appellant herein. According to the undisputed evidence in this case, the appellee is in much better financial condition to pay alimony to his former wife now than when the divorce decree was granted in which the agreement to pay her $60 per month after twenty-four months was incorporated in the decree by consent of the appellee.

Appellant further testified in her deposition, on March 4, that the appellee paid her only $30 per month for the two preceding months, which, of course, was only one-half of the amount due her under the November, 1933, decree. If it is true that the appellee is in default in any payments due the appellant, the court below will no doubt, upon appropriate application, make suitable orders to enforce their payment.

The decree of the court below is, therefore, reversed and remanded, with directions to dismiss the petition of the appellee for want of equity.

It further appearing that this court has heretofore made an order in this case for the appellee to pay the sum of $25 attorney fees for the attorneys of appellant, and that that sum is inadequate for the work done by appellant's attorneys herein, the appellee is ordered to pay an additional attorney fee of $50 to the appellant's

attorneys, together with the expense of printing the briefs for appellant in excess of the $25 heretofore allowed appellant for this purpose.

McHANEY, J., dissents.